CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED

November 18, 2026
LAURA A. AUSTIN, CLERK
BY: /s/ E. Jones
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| GRAYSON COTES, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 7:26-cv-00077 |
| | ) | |
| QUALICHEM, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

The magistrate judge docketed her Amended Report and Recommendation on October 2, 2016, recommending that the Court grant Defendants' motion to dismiss the Complaint of Plaintiff, Grayson Cotes. 28 U.S.C. § 636(b)(1)(B). Cotes timely filed his objections to the Report and Recommendation.[1] I have conducted a de novo review of the record, adopt the Report and Recommendation in its entirety and **GRANT** Defendants' Motion to Dismiss.

## I. BACKGROUND

I adopt the statement of facts and procedural background as set forth in the Report and Recommendation.

## II. DISCUSSION

Where, as here, a matter has been referred to a magistrate judge under 28 U.S.C. § 636(b)(1), the court reviews de novo the portions of the report or specified proposed findings or recommendations to which a timely objection has been made. *Elijah v. Dunbar*, 66 F.4th 454,

[1] The document Cotes submitted for filing at Dkt. 56 is a generalized rant directed toward certain judges in this court and does not attempt to identify any legal or factual basis to challenge the Magistrate Judge's Report and Recommendation. The Clerk filed Cotes's objection under seal because of its intemperate language. But, because there is no legal basis to seal the objection, the Clerk is directed to unseal Dkt. 56.

460 (4th Cir. 2023); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). For an objection to trigger de novo review, an objecting party "must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). "If a litigant objects only generally, the district court reviews the magistrate's recommendation for clear error only." *Elijah*, 66 F.4th at 460 (citing *Diamond v. Colonial Life & Accident Co.*, 416 F.3d 310, 315 (4th Cir. 2005)). "[O]bjections need not be novel to be sufficiently specific." *Id.* In fact, district courts are "not required to consider new arguments posed in objections to the magistrate's recommendation." *Id.* at n. 3 (citation omitted). A district court which reviews a report and recommendation for clear error is not required to explain its reasoning for adopting the report. *Farmer v. McBride*, 177 F. App'x 327, 331 (4th Cir. 2006) (citing *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983)); *Diamond*, 416 F.3d at 315. The district judge may accept, reject, or modify, in whole or in part, the magistrate judge's findings and recommendations. *Id.*

## III. ANALYSIS

In reviewing Cotes's objections, I remain cognizant of my duty to review *pro se* pleadings liberally and with careful attention. *Jackson v. Dameron*, 171 F.4th 641, 649 (4th Cir. 2026). While this does not absolve Cotes of providing "sufficient specificity so as reasonably to alert the district court of the true ground for the objection," *Midgette*, 478 F.3d at 622, I must construe his objections "to raise the strongest arguments that they suggest" and review the pleading to ascertain his "essential grievance." *Jackson*, 171 F.4th at 651.

### a. The Magistrate Judge Does Not Favor a Party on Any Improper Basis.

Cotes initially asserts that "[t]his Court is using their [sic] unconstitutional, absolute immunity to make unconstitutional, discriminatory decisions/rulings" and is "intentionally

protecting their [sic] colleagues and corporations instead of adhering to the constitution." Dkt. 56 at 1. In essence, Cotes claims that judges in this Court have misused their position to favor their "colleagues and corporations" while being protected by judicial immunity. This objection rests upon no facts tethered to this action. Cotes neither identifies any improper action by any judge associated with this case, nor asserts that the magistrate judge's recommendation considers any facts or issues beyond those raised in this action. [2] Cotes does not describe the "unconstitutional, discriminatory decisions/rulings" the judges of this court have made. Because Cotes does not identify any illegal or improper action in the magistrate judge's Report and Recommendation, this objection is overruled.

**b. There is No Error in the Report & Recommendation.**

For the portions of the magistrate's recommendations that were not specifically objected to, I have reviewed them de novo (as though Cotes articulated a specific objection) although I am only required to review for clear error. *Elijah*, 66 F.4th at 460.

The magistrate judge first addresses whether the retaliation claim at Count IV under the Virginia Whistleblower Protection Law is time-barred. Dkt. 55 at 6. The magistrate judge applied the correct statutory framework and determined that this action is barred by the one-year

[2] Cotes requests that I recuse myself from this case, writing "I demand . . . Ballou's recusal AND formal resignation." Dkt. 56. A judge "shall disqualify himself in any proceeding in which his partiality might reasonably be questioned" or where he "has a personal bias or prejudice concerning a party." 28 U.S.C. §§ 455(a) and (b)(1). Cotes states no specific grounds for recusal, aside from his dissatisfaction with my decisions in his cases. The law is clear that judicial viewpoints arising from court proceedings are not a sufficient basis for recusal. It is improper for a judge to recuse himself when there is no reasonable basis for questioning his impartiality. *U.S. v. Glick*, 946 F.2d 335, 336–37 (4th Cir. 1991). The motion that I recuse myself is **DENIED**.

statute of limitations. Va. Code § 40.1-27.3. Count IV is time-barred and is dismissed with prejudice.

The magistrate judge next addresses Cotes's discrimination claims under Title VII and the Virginia Human Rights Act. Dkt. 55 at 7. Both Title VII and the Virginia Human Rights Act only apply to defendants who qualify as employers. *Id*. The magistrate judge correctly found that Cotes failed to plead sufficient facts to show that the individual defendants or defendant Woods Rogers Vandeventer Black PLC are his employers. *Id*. at 8–9. Cotes identified only QualiChem as his employer.[3] Dkt. 1 at ¶ 22. Counts I–III are dismissed with prejudice against Woods Rogers and the individual defendants.

Finally, the magistrate judge considered whether Cotes has sufficiently alleged claims under Title VII and the Virginia Human Rights Act for discrimination and retaliation against QualiChem. *Id*. at 10. The Court accepts as true all factual allegations in a complaint, and must draw all reasonable inferences of a plaintiff but does not accept "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff's sole examples of discrimination appear to be a reference to a "sexually discriminatory 'graph'" or "woman-sex graph," and that he was discriminated against "because of Plaintiff's religious beliefs." Dkt. 1 at ¶ 11, 57, 71. The magistrate judge correctly concluded that the complaint fails to state a claim for relief where Cotes did not identify which religious organization he is a member of or how his exposure to the "graph" constituted discrimination. Dkt. 10–11. Similarly, the magistrate judge correctly concluded that Cotes failed to identify any protected activity Cotes engaged in and for which he plausibly alleges that

[3] Plaintiff initially included Yushiro Chemical Industry Co., Ltd. as an additional employer, but has moved to terminate Yushiro as a defendant. Dkt. 39. The magistrate judge recommends granting that motion.

Qualichem retaliated against him. Dkt. 12–14. The magistrate judge correctly concluded that Counts I–III should be dismissed without prejudice against QualiChem.

## IV. CONCLUSION

Having conducted a careful de novo review of plaintiff's objections, the record, the applicable law, and the Report & Recommendation, it is hereby **ORDERED** that:

1. The objections (Dkts. 56) to the Report & Recommendation are **OVERRULED**;
2. The Report & Recommendation (Dkt. 55) is **ADOPTED** in its entirety;
3. Plaintiff's motion to dismiss Yushiro Manufacturing America, Inc. as a defendant is **GRANTED**;
4. Defendants' motions to dismiss (Dkt. 20, 27) are **GRANTED**;
5. Count IV against all defendants is **DISMISSED WITH PREJUDICE**;
6. Counts I-III against Woods Rogers and the Individual Defendants are **DISMISSED WITH PREJUDICE** and;
7. Counts I-III against QualiChem are **DISMISSED WITHOUT PREJUDICE**.

A contemporaneous order will follow.

Entered: November 18, 2026

Robert S. Ballou

Robert S. Ballou
United States District Judge